76 P.3d 269 (2003)
118 Wash.App. 267
In re Personal Restraint Petition of Jack B. SHERWOOD.
No. 49249-7-I.
Court of Appeals of Washington, Division 1.
September 8, 2003.
David Zuckerman, Attorney at Law, Seattle, WA, for Appellant.
Mary Webber, Snohomish County Prosecutor Office, Everett, WA, for Respondent.

PUBLISHED IN PART
ELLINGTON, J.
Jack Sherwood was convicted of possession of cocaine, delivery of cocaine, and bail jumping. *270 His convictions were affirmed on appeal. Thereafter, it came to light that a chemist at the Washington State Patrol Crime Laboratory had been using the heroin sent to the lab for analysis. Sherwood contends that the chemist's misconduct should have been disclosed, that nondisclosure violated his due process rights, and that he is entitled to a new trial. The chemist did not test the drugs in Sherwood's case, however, and there is no reason to believe his misconduct had any effect on Sherwood. We therefore deny Sherwood's petition. We address other issues in the unpublished part of this opinion.

FACTS
In March of 1998, Jack Sherwood was arrested and charged with one count possession of a controlled substance. He failed to appear for trial, and was charged with an additional count of bail jumping. He was brought to trial in September 1998. Chemist James Boaz of the Washington State Patrol crime laboratory testified that the substance Sherwood possessed and delivered was cocaine. A jury found Sherwood guilty on all counts. We affirmed.[1]
Sometime in 1998, Boaz had observed that his colleague, Michael Hoover, was assigning himself a disproportionately large share of heroin cases. Boaz also noticed that Hoover was reassigning heroin cases from Boaz to himself by removing paperwork from Boaz's file drawers. At some point before October 1998, Boaz began to lock up his request files. Boaz also came to suspect Hoover of "dry labbing," a practice whereby a single test result is applied to numerous samples. Between 1998 and 2000, Boaz and another colleague documented various suspicious behaviors and work practices by Hoover. They reported their concerns to the lab supervisor. The State Patrol investigated and videotaped Hoover scraping drug residue from evaporation dishes into vials and hiding them on his person or around his workstation. Confronted with this evidence, Hoover admitted he frequently used heroin from the lab. In July 2001, he pled guilty to charges of evidence tampering and official misconduct. Sherwood filed this personal restraint petition after learning of Hoover's misconduct.

DISCUSSION
Sherwood contends the State's failure to disclose Hoover's misconduct violated due process. He also contends Hoover's tampering with evidence at the crime lab compromised the chain of custody in his case. He seeks a new trial under the standards for newly discovered evidence.
Under Brady v. Maryland, due process is violated when, irrespective of good faith, the prosecution suppresses material evidence favorable to a defendant.[2] There are three components of a Brady violation: the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; and the evidence must be material, that is, suppression of the evidence must have resulted in prejudice to the accused.[3] Prejudice occurs "`if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"[4] To be material, therefore, the evidence must be such that it undermines confidence in the outcome.[5] Prejudice is determined by analyzing the evidence withheld in light of the entire record.[6]
A new trial will be granted on the basis of newly discovered evidence only when the evidence (1) will probably change the result of the trial; (2) was discovered after the trial; *271 (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.[7] These same factors apply when a personal restraint petition is brought pursuant to RAP 16.4(c)(3) which permits relief if "[m]aterial facts exist which have not been previously presented and heard, which in the interest of justice require vacation of the conviction."[8]
Sherwood contends that as employees of the crime lab, both Hoover and Boaz had a duty to disclose Hoover's misconduct, and that their failure to do so violated due process. He relies on State v. Roche,[9] a case involving heroin tested by Hoover, wherein we held that Hoover's conduct broke the chain of custody.[10] But in Roche, Hoover was the examining chemist. The cocaine in Sherwood's case was tested by Boaz, not Hoover, and there is no evidence whatever to indicate that Hoover ever handled the Sherwood evidence. There is thus no evidence that Hoover's misconduct affected the chain of custody for evidence analyzed by Boaz.
Sherwood cannot show that evidence of Hoover's misconduct would probably have changed the result in his trial. We thus find no Brady violation, and deny his request for a new trial.[11]
The balance of this opinion has no precedential value and will not be published, but will be filed for public record pursuant to RCW 2.06.040.
SCHINDLER and COLEMAN, JJ., concur.
NOTES
[1] State v. Sherwood, noted at 98 Wash.App. 1058, 2000 WL 16932 (2000).
[2] Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[3] Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).
[4] Strickler, 527 U.S. at 280, 119 S.Ct. 1936 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).
[5] Benn v. Lambert, 283 F.3d 1040, 1057 (9th Cir.), cert. denied, 537 U.S. 942, 123 S.Ct. 341, 154 L.Ed.2d 249 (2002).
[6] Benn, 283 F.3d at 1057.
[7] State v. Williams, 96 Wash.2d 215, 223, 634 P.2d 868 (1981).
[8] State v. Harper, 64 Wash.App. 283, 292-93, 823 P.2d 1137 (1992).
[9] 114 Wash.App. 424, 59 P.3d 682 (2002). Sherwood also relies on Roche's adoption of the Snohomish County Prosecutor's Office policy memorandum (Downes memorandum) which required dismissal of all drug possession cases that did not have both a positive field test and a good confession as to the identity of the substance. Roche, 114 Wash.App. at 439, 59 P.3d 682. The Downes memorandum, however, applied only to cases in which Hoover had conducted the drug tests.
[10] Roche, 114 Wash.App. at 437, 59 P.3d 682.
[11] See Williams, 96 Wash.2d at 222-23, 634 P.2d 868.